711 S.E.2d 886

**Glenn F. McCONNELL, President, Pro Tempore of the South Carolina Senate, Petitioner,**

v.

**Nikki R. HALEY, Governor of the State of South Carolina, Respondent.**

**No. 26982.**

Supreme Court of South Carolina.

Submitted and Decided June 6, 2011.

Michael R. Hitchcock, John P. Hazzard, IV, Kenneth M. Moffitt, of Columbia, for Petitioner.

Kevin A. Hall, Karl S. Bowers, Jr., and M. Todd Carroll, of Hall & Bowers, LLC, of Columbia, for Respondent and Intervenors.

Thaddaeus Viers, pro se, of Myrtle Beach, for Amicus Curiae.

Chief Justice TOAL, Justice BEATTY, and Justice HEARN.

Petitioner asks this Court, in its original jurisdiction, to declare an executive order issued by respondent to be an unconstitutional violation of the separation of powers and to enjoin, temporarily and permanently, the implementation and effects of the executive order. We grant the petition for original jurisdiction, dispense with further briefing, and stay the executive order.

The South Carolina General Assembly adopted a *sine die* resolution on June 1, 2011, providing for the extension of the regular 2011 annual session after adjournment at 5:00 p.m. on June 2, 2011. The resolution requires the General Assembly to reconvene on June 14, 2011, and continue in session no later than July 1, 2011. In addition, the resolution sets forth the matters which the General Assembly may consider during the

extended session. On June 2, 2011, respondent issued an executive order requiring an extra session of the General Assembly to convene at 10:00 a.m. on June 7, 2011.

South Carolina Const. art. I, § 8 provides: "the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other." The executive order challenged by petitioner was issued pursuant to S.C. Const. art. IV, § 19. That section provides, "[t]he Governor may *on extraordinary occasions* convene the General Assembly in *extra* session." (emphasis added). The term "extraordinary occasions" is not defined by the Constitution.

State constitutional provisions will not be construed to impose limitations beyond their clear meaning. *Segars–Andrews v. Judicial Merit Selection Comm'n*, 387 S.C. 109, 691 S.E.2d 453 (2010). Because there is no indication in the Constitution as to what constitutes an "extraordinary occasion" to justify an extra session of the General Assembly, this matter must be left to the discretion of the Governor and this Court may not review that decision. *See Farrelly v. Cole*, 60 Kan. 356, 56 P. 492 (1899).

However, S.C. Const. art. IV, § 19 limits the Governor's power to convening only an *"extra"* session of the General Assembly. Although the General Assembly is currently in recess, it has not adjourned *sine die* and, therefore, is still in its annual session. Under these specific facts, respondent cannot convene an *"extra"* session of the General Assembly since it is currently in session. To do so would interrupt the annual session and would violate the General Assembly's authority to set its calendar and agenda and would constitute a violation of the separation of powers provision. *See* S.C. Const. art. III, § 9 (the General Assembly has the authority to recede for a time period from its regular annual session); S.C.Code Ann. § 2-1-180 (2005) (the General Assembly may extend its regular annual session). Respondent may only convene an *extra* session of the General Assembly

after the *sine die* adjournment.[1]  Accordingly, we grant the request to permanently stay and enjoin the executive order dated June 2, 2011.

KITTREDGE, J., dissenting in a separate opinion in which PLEICONES, J., concurs.

Justice KITTREDGE.

I respectfully dissent.  I would accept the Petition in the Court's original jurisdiction, and then dismiss the Petition. The Governor has the absolute authority under the South Carolina Constitution to convene the General Assembly in extra session "on extraordinary occasions," and Petitioner so concurs.  The Petition's sole objection to the Governor's exercise of convening an extra session is that the matters included in the Governor's Executive Order are not included in the General Assembly's sine die resolution.  Moreover, the Petition even acknowledges the Governor's authority to convene an extra session exists prior to expiration of the sine die resolution "to address matters that were truly unforeseen at the time the sine die resolution was adopted."  The Petition gives examples of an intervening natural disaster or an unanticipated drop in tax revenues.  The inescapable conclusion is that the Petition seeks to assess the merits of the Governor's decision to call an extra session.  The exercise of discretion in this regard by a Governor is unassailable, and the law in this regard is uniform.

> Under most constitutions, the governor's power to call a special legislative session is absolute, and his opinion concerning the existence of an emergency or special circumstances demanding immediate legislative attention is unimpeachable by the courts.

1 *Sutherland Statutory Construction* § 5.5, at 235 (7th ed.2010).

> Where the constitution authorizes the calling of such [special] sessions by the governor, he or she is the sole judge as

---

1.  If an extra session is properly convened, there is no requirement that the General Assembly act on the bills referred to by respondent. Although the Governor may convene the extra session, she may not dictate the manner in which the General Assembly proceeds at that session or the topics considered.  *Farrelly v. Cole, supra.*

to whether occasion for such session exists, and the exercise of such discretion is not subject to challenge or review by the courts.

81A C.J.S. *States* § 105, at 438 (2004).

Rather than deal with the legal issue as presented in the Petition, the majority recasts the issue as one of "timing" and focuses on the word "extra." The basis for the majority's decision is not even argued by Petitioner.

I would follow the prevailing law in this country and dismiss the Petition. I would adhere to the analysis of the Kansas Supreme Court in *Farrelly v. Cole*, 60 Kan. 356, 56 P. 492 (1899):

It would be an unseemly and unprecedented proceeding for this court, or any court, to entertain a controversy wherein, by proof obtained from witnesses sworn in the cause, it sought to ascertain judicially whether an extraordinary occasion existed, of sufficient gravity to authorize the governor to convene the legislature in extra session. If jurisdiction is retained of such a cause, what is the rule as to the quantum of evidence necessary to establish that there was no emergency? ... It perverts and destroys the meaning of the word to hold that exercise of discretion may be reviewed or controlled by some other person or tribunal than the person on whom it is conferred.

*Id.* at 497.

As for the General Assembly's response to the Governor's called extra session, it is free to act as it deems appropriate in the exercise of its constitutional authority. In other words, the convening of an extra session by the Governor in no manner compels the General Assembly to address the matters raised by the Governor in any particular manner or fashion. The *Farrelly* Court addressed this matter as well:

Now, the legislature are to enact the laws upon their own view of necessity and expediency and they will refuse to pass the desired statute, if they regard it as unwise or unimportant. But in so doing they indirectly review the governor's decision, especially if, in refusing to pass the law, they do so on the ground that the specific event was not one calling for action on their part. In such case it is clear that while the decision of the governor is final, so far as to

require the legislature to meet, it is not final in any sense that would bind the legislative department to accept and act upon it when they enter upon the performance of their duty in the making of laws.

*Id.* at 500.

PLEICONES, J., concurs.